■ JOSEPH E. ROSCH, as Executor of ALLEINE SALVATO, Also Known as ALLEINE FITZGERALD, Deceased, Respondent, v AGWAY INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered June 26, 1981 in Saratoga County, which, *inter alia,* denied defendant's motion for summary judgment. The only issue raised on this appeal is whether Special Term, in an order issued without opinion, properly denied defendant's motion for summary judgment. Defendant argues that the actions of the decedent, Alleine Salvato, evidenced a deliberate refusal to participate in an examination under oath in New York State. We disagree. There should be an affirmance. Defendant has failed to meet its burden of showing that decedent's failure to participate in an examination under oath was a willful refusal. The fire causing damage to the property insured by defendant and allegedly owned by decedent, a named insured with her husband under the policy, occurred on February 9, 1980. Decedent executed a proof of loss on April 9, 1980. A second proof of loss was required and forwarded to defendant on May 19, 1980 by Public Adjustors Corporation. After being informed by phone that decedent and her husband had moved to Michigan on or about April 25, 1980, defendant's attorney proposed that an examination under oath be held on May 27, and by letter directed to the decedent at an address in Pontiac, Michigan, dated May 23, 1980, set the date for examination, June 30 in Syracuse. On June 13, 1980, decedent's public adjustor replied and advised the attorney that decedent was then seven months' pregnant, that it was doubtful she would be able to make the trip, that her husband's brother had sustained a severe injury in an auto accident, and that the reason they were in Pontiac, Michigan, was to take care of the injured brother's family. This information was obtained from the decedent's father, Lloyd Woods. The attorney was further advised that the named insureds were staying with the husband's brother, that they had no phone, and that due to the medical circumstances, they would be unable to attend the examination on June 30. Further communications were had by mail between the public adjustor and the attorney for the defendant insurance company finally resulting in a threat to disclaim unless the named insureds responded by September 15, 1980. On September 30, 1980, the public adjustor informed defendant's counsel that his company was closing its file in the matter. Plaintiff, in his affidavit in opposition to the motion for summary judgment, stated that decedent gave birth to a child on August 31, 1980 and that decedent was killed in an automobile-train collision only six weeks thereafter. Letters testamentary were issued to plaintiff on November 28, 1980 and this action for breach of the insurance contract was commenced on March 9, 1981. The burden of proof is on the insurer to prove that plaintiff's decedent willfully refused to participate in an examination under oath in violation of the terms of the insurance contract. On that issue, we find that questions of fact are created by the papers submitted on the motion which require a trial. Summary judgment was properly denied under all the circumstances prevailing in this case (see *Happy Hank Auction Co. v American Eagle Fire Ins. Co.,* 1 NY2d 534; *Beckley v Otsego County Farmers Coop. Fire Ins. Co.,* 3 AD2d 190). Unlike the situation in *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.* (53 NY2d 835), a fact question exists on this record. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.