■ J. CHRISTOPHER SAPPAH et al., Respondents, v CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered August 9, 1983 in Essex County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs, owners of a two-story frame dwelling which was destroyed by fire on June 10, 1981, have sued defendant upon a policy of insurance to recover the cost of the structure and personal property contained therein. After answering, defendant moved for summary judgment dismissing the complaint on the ground that plaintiffs' failure to submit to an examination under oath as required by the terms and conditions of the policy barred any suit or action (see Insurance Law, § 168, subd 5). Special Term's order denying the motion issued without an opinion has given rise to defendant's appeal.

The record demonstrates that plaintiffs, who reside in Rockland County, have been represented by three different attorneys. The examination under oath was scheduled in Essex County, over 200 miles from plaintiffs' residence. Plaintiffs' first

attorney, who practiced in Rockland County, obtained two adjournments of the examination. Their second attorney, also from Rockland County, obtained three additional adjournments. After plaintiffs failed to appear at the last scheduled examination on March 10, 1982, defendant rejected the claim by letter dated March 26, 1982. Plaintiffs are now represented by an Essex County attorney and have offered to be examined under oath in that county since September 3, 1982. This action was not commenced until November 17, 1982. The answer includes, *inter alia,* an affirmative defense that the action is barred for failure to submit to an examination under oath. Plaintiffs, in opposing the motion, aver that they did not believe time was of the essence, they were lulled into a false sense of security by defendant and did not intend to breach the contract or disadvantage defendant. Defendant, in its brief, states that it "can only conclude [plaintiffs'] failure to appear for the examination was willful" and that it "had no choice but to disclaim liability". We disagree.

Plaintiffs' timely filing of notice of the fire and proof of loss are indicative of attempted compliance with the terms of the contract (cf. *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 76 AD2d 759, affd 53 NY2d 835). Defendant has not sustained its heavy burden of proving that plaintiffs willfully refused to participate in the examination in violation of the contract; rather, a question of fact as to the reasonableness of plaintiffs' failure to appear for an examination has been presented precluding summary judgment (*Rosch v Agway Ins. Co.,* 86 AD2d 929). Plaintiffs' offers to arrange for an examination since September, 1982 and prior to the commencement of the action indicate that their failure to appear was not willful. To be distinguished are the cases of *Azeem v Colonial Assur. Co.* (96 AD2d 123, affd 62 NY2d 951) and *Williams v American Home Assur. Co.* (97 AD2d 707, affd 62 NY2d 953), urged by defendant to be controlling. In *Azeem,* the insured's attorney refused outright to permit his client to be examined. In *Williams,* the insured refused to produce financial books and records and the court held that failure to furnish the information was a breach of the policies where their relevance was not subject to argument. Here, there has been no refusal to participate. In the perspective of this case, we hold that the reasonableness of plaintiffs' failure to have been examined under oath should be determined at trial rather than by a motion for summary judgment.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.