■ GOLA SUPERMARKET, INC., et al., Appellants, v TRAVELERS

INDEMNITY COMPANY, Respondent, et al., Defendant.—Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered on January 26, 1988, which denied plaintiffs' motion for summary judgment and granted defendant the Travelers Indemnity Company's cross motion for summary judgment dismissing the complaint is unanimously reversed, on the law, to deny the cross motion by defendant Travelers and grant the motion by plaintiffs for summary judgment, with costs and disbursements payable to plaintiffs.

A policy of commercial insurance was issued to Pin Supermarket, Inc., effective October 31, 1983 to October 31, 1984, covering the premises at 30 East 198th Street in The Bronx. Thereafter, the named insured was changed to plaintiff Gola Supermarket, Inc., which had taken over the business at Pin's former address. Plaintiff Krasdale Foods, Inc. was named on the policy as a lender loss payee. In August 1984, defendant The Travelers Indemnity Company mailed a notice of nonrenewal of the policy addressed to Pin Supermarket at the premises. Rolando Duran, vice-president of Gola, signed the return receipt for the notice but testified at a deposition that he did not recall opening this letter or even receiving it. In December 1984, a fire occurred on the premises causing substantial damage, and plaintiffs commenced this action.

The IAS court denied plaintiffs' motion for summary judgment but granted defendant Travelers' cross motion for the same relief. We find this was error and, therefore, reverse.

The policy provided, *inter alia,* that, in case Travelers elected not to renew, it would provide written notice of nonrenewal at least 45 days prior to the policy's expiration "to the Named Insured at the mailing address shown in the policy". As noted, the notice was addressed to Pin Supermarket, not the "Named Insured", plaintiff Gola. While the notice identified the subject premises, period of expiration, policy number and type of policy, it was not addressed to the "Named Insured". The general rule is that a policy will be strictly construed against the insurer in favor of the insured (*see,* 69 NY Jur 2d, Insurance, § 715, at 110) and there has been no reason advanced to deviate from that principle in this case. Concur—Ross, J. P., Asch, Rosenberger, Wallach and Smith, JJ.