■ MOET, II, INC., Appellant, v JAMES P. McCARTHY et al., Respondents. [646 NYS2d 64] —Mercure, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 12, 1996 in Saratoga County, which denied plaintiff's motion for summary judgment.

Plaintiff commenced this action to foreclose defendant James P. McCarthy's January 31, 1994 mortgage. Following joinder of issue, plaintiff moved for summary judgment. In opposition to the motion, McCarthy asserted plaintiff's failure to send him a notice setting forth the information detailed in paragraph 21 (B) of the parties' mortgage, which constitutes a contractual condition precedent to a demand for the balance due under the mortgage. Finding that plaintiff's May 16, 1995 letter advising McCarthy that he was in default under the terms of the mortgage and that he had a period of 30 days within which to cure the default failed to conform to the mortgage's specific

requirements, Supreme Court denied plaintiff's motion. Plaintiff appeals.

We affirm. The parties' mortgage clearly and unambiguously enumerates the actions that must be taken in the event of a default. Of greatest import here is the requirement that the mortgagee send the mortgagor a notice stating, among other things, (i) the promise or agreement that the mortgagor failed to keep, (ii) the action that the mortgagor must take to correct that default, (iii) a date (at least 30 days from the date on which notice is given) by which the mortgagor must correct the default, and (iv) that if the mortgagor does not correct the default by the date stated in the notice, the mortgagee may require immediate payment in full, and the mortgagee or another person may acquire the property by means of foreclosure and sale. Notably, plaintiff's May 1995 letter contains none of the information set forth above. Under the circumstances, we conclude that Supreme Court did not err in denying plaintiff's motion. We also note that plaintiff has offered no persuasive reason for dispensing with the requirements, which were clearly negotiated to protect McCarthy's rights as a borrower (*see, Connelly & Blitzer Realty v Elwyn*, 111 AD2d 555, 556).

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.