■ QUEENSBORO DODGE, LTD., Appellant, v QUEENS J.K. MANAGEMENT CORP., Doing Business as METRO DODGE, et al., Respondents. [725 NYS2d 398] —In an action to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Queens County (Beldock, J.H.O.), dated December 13, 1999, as, after a nonjury trial on the issue of liability, found the defendants liable only for the rent due through January 27, 1994.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

In 1980 the plaintiff leased certain real property. In September 1985 the plaintiff subleased that property until February 27, 2000. The sublease provided that the obligation to pay rent was an independent covenant. In February 1990 the defendant Queens J.K. Management Corp., d/b/a Metro Dodge (hereinafter Queens J.K. Management), assumed the sublease.

On or about January 15, 1994, Queens J.K. Management vacated the property and surrendered the keys. On January 27, 1994, the plaintiff assigned its rights under the prime lease to a third party, which took possession immediately. The plaintiff subsequently commenced this action, alleging that the defendants were liable for the entire balance of the rent due under the sublease, less the amount of rent that the plaintiff no longer had to pay as a result of assigning the prime lease. After a nonjury trial on the issue of liability, the Supreme Court found, *inter alia*, that the plaintiff could recover damages only from January 15 to January 27, 1994, the date of the assignment of the prime lease to the third party.

The Supreme Court correctly determined that the clause in the sublease which provided that the obligation to pay rent was an independent covenant did not entitle the plaintiff to recover the balance of the rent due under the entire term of the sublease. Under that type of clause, a landlord's breach of a provision of the lease generally does not relieve the tenant of the obligation to pay rent, so long as the tenant remains in possession (*see, Thomson-Houston Elec. Co. v Durant Land Improvement Co.,* 144 NY 34; *Baitzel v Rhinelander,* 179 App Div 735). Here, the subtenant Queens J.K. Management relinquished possession. The plaintiff thereafter assigned the prime leasehold for its own benefit (*see, Altamuro v Capoccetta,* 212 AD2d 904), thereby absolving the defendants of further liability (*see, Holy Props. v Cole Prods.,* 87 NY2d 130, 133-134). Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.