OPINION OF THE COURT
Dennis F. Bender, J.
This is a mortgage foreclosure proceeding. The defendant *984 property owners are in default, and the plaintiff seeks an order of reference to compute. In addition, however, the plaintiff asks the court to direct that the referee
“make a determination if the Mortgage that was executed and delivered to the plaintiff was concurrent with and a part of the act which created the estate by the entirety ... to the defendants Sandi Maki and Robert D. Crowley, and accordingly, that the Mortgage herein is to be foreclosed as to both defendants and fully enforceable against the property pursuant to Hopper v. Hopper, 103 AD2d 911 (3rd Dept., 1984) and Leland v. Brown, 136 Misc. 493 (Supreme Court, Madison County, 1930).”
The reason for the latter request is because the property was deeded to both defendant Maki and defendant Crowley; the note and mortgage were only signed by the former. The plaintiff argues that pursuant to aforementioned case law, if the mortgage was a purchase-money mortgage and it is determined that the mortgage was concurrent with and a part of the act which created the estate, then the mortgage is enforceable against both defendants, even though it was only signed by one.
In the first instance, the court notes that pursuant to the copy of the deed provided by the plaintiff, Ms. Maki and Mr. Crowley did not take title as tenants by the entirety, but as joint tenants. Whether that matters to the ultimate question here presented can await another day however. The immediate question rather is whether a referee may properly be directed to make the requested determination. Although the answer appears clear, this application appears to be one of first impression.
Pursuant to CPLR 4311,
“[a]n order of reference shall direct the referee to determine the entire action or specific issues, to report issues, to perform particular acts, or to receive and report evidence only. It may specify or limit the powers of the referee and the time for the filing of his report and may fix a time and place for the hearing.”
Pursuant to CPLR 3215 (b), such a reference can be made upon a default judgment application.
In contrast to the foregoing general provisions of court references, however, is RPAPL 1321 (1), which provides that in the context of a mortgage foreclosure proceeding, unless the court chooses to make its own calculations, and
*985 “[i]f the defendant fails to answer within the time allowed . . . upon motion of the plaintiff, the court shall . . . direct a referee to compute the amount due to the plaintiff . . . and to examine and report whether the mortgaged premises can be sold in parcels . . . Where the defendant is an infant, and has put in a general answer by his guardian, or if any of the defendants be absentees, the order of reference also shall direct the referee to take proof of the facts and circumstance stated in the complaint and to examine the plaintiff or his agent, on oath, as to any payments which have been made.”
The Legislature did not include more expansive language, such as allowing the referee to take proof as to any other issues the court deems appropriate.
According to 2 Bergman, New York Mortgage Foreclosures § 20.03 (1996), “[i]n the absence of an infant or absentee defendant, a referee is appointed solely to ascertain the sum due plaintiff and to determine whether the premises can be sold in parcels. There have been occasions in foreclosure actions when referees have been improperly called upon to assess other issues.”
In 5 Baxter Dunaway, Law of Distressed Real Estate § 1.05 (b) (vi) (1985) (“Judicial Foreclosure—Foreclosing the Mortgage—Referee to Compute”), the author states:
“Although on rare occasions a referee in a foreclosure may be called upon to assess issues other than the sum due on the mortgage, and while RPAPL Section 1321 (1) authorizes the referee to take proof of the facts in the complaint, this is only when some defendants are infants or absentees. Significantly, when this latter situation does not prevail, a referee is appointed solely to ascertain the sum due plaintiff and to determine whether the premises can be sold in parcels.”
Based upon the specific language contained in RPAPL 1321 (1), as well as the stated position of the two cited authorities, this court concludes it would be inappropriate to refer the issue to a referee. The plaintiff rather should seek the desired relief by an appropriate motion to this court. Pending any such motion, the application for an order of reference for computation of the amount due and a determination of whether the property should be sold in one or more parcels shall be held in abeyance.