■ LONG ISLAND SPORTS DOME et al., Respondents, v CHUBB CUSTOM INSURANCE COMPANY, Appellant. [807 NYS2d 594]—

In an action to recover the proceeds of an insurance policy, the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated October 22, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, Chubb Custom Insurance Company (hereinafter Chubb), failed to establish its entitlement to judgment as a matter of law based upon the plaintiffs' failure to comply with

provisions of the insurance policy requiring the insureds to file sworn proofs of loss, submit to examinations under oath, and produce documents. It is undisputed that Chubb did not send demands for compliance with those policy provisions to two of the plaintiffs who were named insureds. As such, the Supreme Court properly denied Chubb's motion for summary judgment dismissing the complaint insofar as asserted by those plaintiffs (*cf. Gola Supermarket v Travelers Indem. Co.,* 150 AD2d 159 [1989]).

Chubb does claim to have mailed demands for a sworn proof of loss together with blank forms, an examination under oath and production of certain documents to the first named insured, Long Island Sports Dome, by both certified mail, return receipt requested, and regular mail. The certified mailings were returned, marked "unclaimed." Long Island Sports Dome acknowledges receiving a copy of the demand for an examination under oath and production of documents, but claims it was forwarded to it by its adjuster, who was copied on the letter. Chubb admits that it was contacted by the plaintiffs' attorney and consented to adjournments of the examination under oath. In the absence of an assertion by Chubb that it ever denied the requests for adjournments of the examination under oath, we find that it has not been established that Long Island Sports Dome wilfully failed to comply with the policy's provision requiring submission to such an examination and production of documents (*see Sappah v Cambridge Mut. Fire Ins. Co.,* 105 AD2d 911 [1984]).

Concerning the alleged mailing, by regular mail, of the demand for a sworn proof of loss, which Long Island Sports Dome denies receiving, we reject Chubb's argument that it is entitled to the presumption of receipt. "The absence of evidence from anyone claiming to have mailed the notice or pertaining to office practices creates questions of fact that cannot be decided on a summary judgment motion . . . The mere assertion that notice was mailed, supported by someone with no personal knowledge of the mailing, is insufficient to give rise to the presumption of receipt that attaches to notices duly addressed and mailed" (*Washington v St. Paul Surplus Lines Ins. Co.,* 200 AD2d 617, 618 [1994]). Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur. [*See* 5 Misc 3d 1028(A), 2004 NY Slip Op 51593(U) (2004).]