■ DUNE DECK OWNERS CORP., Respondent, v MYLENE LIGGETT et al., Appellants. [825 NYS2d 95]—

In an action, inter alia, to recover damages for breach of a lease, the defendants appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 15, 2005, which, upon granting the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaims and affirmative defenses, directed the entry of a judgment awarding the plaintiff damages in the principal sum of $3,840.48, and, in effect, awarded possession of the real property to the plaintiff and deemed the defendants' corporate shares cancelled based on the termination of the lease.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were for summary judgment on the causes of action seeking to award possession of the real property to the plaintiff and to deem the corporate shares cancelled and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly granted summary judgment to the plaintiff on the issue of maintenance arrears and late fees. The defendants waived the right to any offset by agreeing to the terms contained in paragraph 12 of the proprietary lease (*see Gonzalez v Rothweiler*, 253 AD2d 848 [1998]; *Orlowsky v East House Enters.*, 32 Misc 2d 664, 665 [1961]; *cf. Queensboro Dodge v Queens J.K. Mgt. Corp.*, 284 AD2d 383, 384 [2001]).

However, the Supreme Court erred by granting summary judgment on the causes of action seeking to award possession of the real property to the plaintiff and to deem the corporate shares cancelled based on the termination of the lease. The plaintiff failed to submit documentary evidence establishing its compliance with the provision in the proprietary lease requiring that notice be in writing and sent via certified or registered mail, return receipt requested (*cf. Facchin v Pekich*, 232 AD2d 447 [1996]). Nor did the plaintiff establish its entitlement to a presumption of receipt (*see Long Is. Sports Dome v Chubb Custom Ins. Co.*, 23 AD3d 441, 442 [2005]). Therefore, the plaintiff failed to establish its entitlement to cancellation of the shares and possession of the real property as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.