■ HARVEY LENCHNER, Appellant, v JACK CHASIN, Respondent. [869 NYS2d 196]—

On August 6, 2007, the defendant executed an agreement (hereinafter the agreement) to settle this breach of contract action pursuant to which he was required to make monthly payments. In the event of his default in making the monthly payments in accordance with the terms of the agreement, the defendant consented to the entry of a judgment by confession five days after receipt of a notice of default. The defendant failed to make the first monthly payment, which was due on or before August 15, 2007. On August 27, 2007, the plaintiff purportedly served the defendant with a notice of default pursuant to the terms of the agreement. On September 6, 2007, the plaintiff entered a judgment by confession, and served the defendant with an information subpoena on September 21, 2007. By order to show cause dated November 5, 2007, the defendant moved, inter alia, to vacate the judgment by confession contending, among other things, that he never received the notice of default and that the plaintiff failed to comply with the provisions of CPLR 3215 (i) in entering the judgment by confession. The plaintiff cross-moved to compel the defendant to comply with the information subpoena. The Supreme Court, inter alia, granted that branch of the defendant's motion which was to vacate the judgment by confession and denied the plaintiff's cross motion.

In support of his motion, the defendant submitted, inter alia,

his affidavit denying receipt of the notice of default at the address of his residence. In opposition, the plaintiff failed to submit proof sufficient to establish his compliance with the provisions in the agreement requiring that notice be in writing and delivered to the defendant by Federal Express at the address of his residence (*see Dune Deck Owners Corp. v Liggett*, 34 AD3d 523, 524 [2006]). The Federal Express tracking record submitted by the plaintiff indicated that there was no signature on file and that a package was left at the front door of an undisclosed address (*cf. IIG Capital LLC v Archipelago, L.L.C.*, 36 AD3d 401, 402 [2007]; *Vasile v Chisena*, 272 AD2d 610 [2000]). In addition, the plaintiff did not establish his entitlement to a rebuttable presumption of receipt (*see Dune Deck Owners Corp. v Liggett*, 34 AD3d at 524; *Long Is. Sports Dome v Chubb Custom Ins. Co.*, 23 AD3d 441, 442 [2005]; *Washington v St. Paul Surplus Lines Ins. Co.*, 200 AD2d 617, 618 [1994]). The affirmations of the plaintiff's attorney failed to attest to the proper addressing and mailing of the notice dated August 27, 2007, and the affirmations did not set forth the existence of an office practice geared to ensure the proper addressing or mailing of this notice (*see Matter of Phoenix Ins. Co. v Tasch*, 306 AD2d 288 [2003]; *Azriliant v Eagle Chase Assoc.*, 213 AD2d 573, 575 [1995]; *cf. Nassau Ins. Co. v Murray*, 46 NY2d 828, 829 [1978]). Since the plaintiff failed to prove proper service and receipt of the notice of default, he did not have the right to enter judgment by confession against the defendant under the agreement.

Further, the plaintiff's application for the entry of a judgment by confession failed to comply with all of the prerequisites of CPLR 3215 (i), as it did not contain a copy of the pleadings or a concise statement of the facts upon which the action and the defense were based.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.