OPINION OF THE COURT
Jack M. Battaglia, J.
In this mortgage foreclosure action commenced on December 4, 2007, plaintiff Central Mortgage Company makes ex parte application for a judgment of foreclosure and sale. The mortgaged property is located at 960 Madison Street, Brooklyn; the mortgagor is defendant Juan Acevedo.
By order appointing a referee to compute and amending the caption dated August 18, 2008, Honorable Michael A. Ambrosio appointed Robert L. Howe, Esq. “as Referee to ascertain and compute the amount due to the Plaintiff herein for principal, interest, and other disbursements advanced as provided for by statute and in the Note and Mortgage upon which this action is *215 brought.” Reciting that “all of the Defendants have defaulted in pleading and no answer has been interposed by the defendants though the time to do so has expired,” Justice Ambrosio ordered that “a default judgment in favor of the Plaintiff be granted as to the claim described in the Plaintiffs Complaint herein.” The order also substituted Central Mortgage Company as plaintiff for Mortgage Electronic Registration Systems, Inc.
Plaintiffs application was filed on October 7, 2008. It is supported by a referee’s report of amount due dated October 3, 2008, in turn supported by annexed “documentary evidence” that will be described below. Because of the flood of foreclosure actions that inundated the Foreclosure Department, the application was not reviewed by the clerks and submitted to this court for determination until September 23, 2011. Much, of course, has happened in the interim.
On October 20, 2010, “in response to recent disclosures by major mortgage lenders of significant insufficiencies — including widespread deficiencies in notarization and ‘robosigning’ of supporting documents — in residential foreclosure filings in courts nationwide,” an administrative order of the Chief Administrative Judge of the Courts “instituted a new filing requirement in residential foreclosure cases to protect the integrity of the foreclosure process and prevent wrongful foreclosures.” (See New York State Unified Court System, Press Release, New York Courts First in Country to Institute Filing Requirement to Preserve Integrity of Foreclosure Process, Oct. 20, 2010.)
In operative part, the administrative order provided:
“[Effective immediately, plaintiffs counsel in residential mortgage foreclosure actions shall file with the court in each such action an affirmation, in the form attached hereto, at the following times:
“• In cases commenced after the effective date of this Order, at the time of the filing of the Request for Judicial Intervention.
“• In cases pending on such effective date, where no judgment of foreclosure has been entered, at the time of filing either the proposed order of reference or the proposed judgment of foreclosure.
“• In cases where judgment of foreclosure has been entered but the property has not yet been sold as of such effective date, five business days before the scheduled auction, with a copy to be served on the referee.” (Administrative Order of the Chief Admin *216 istrative Judge of the Courts, A0/548/10, Oct. 20, 2010.)
On March 2, 2011, but “effective November 18, 2010, nunc pro tunc,” the form of counsel’s affirmation was revised, and a supporting affidavit by “a representative of plaintiff” was permitted “in addition to such other information as the court may require.” (See Administrative Order of the Chief Administrative Judge of the Courts, AO/431/11, Mar. 2, 2011.) The times for filing the affirmation remained the same.
The revised" form for counsel’s affirmation requires in part the following assertions:
“2. On [date], I communicated with the following representative or representatives of of [sic] Plaintiff, who informed me that he/she/théy (a) personally reviewed plaintiffs documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Complaint and any supporting affidavits or affirmations filed with the Court, as well as the accuracy of the notarizations contained in the supporting documents filed therewith.
Name Title
“3. Based upon my communication with [person/s specified in IT 2], as well as upon my own inspection and other reasonable inquiry under the circumstances, I affirm that, to the best of my knowledge, information, and belief, the Summons, Complaint, .and other papers filed or submitted to the Court in this matter contain no false statements of fact or law. I understand my continuing obligation to amend this Affirmation in light of newly discovered material facts following its filing.” (Form A.)
The form for the optional affidavit of “a representative of plaintiff’ calls for one or more of the following assertions, as applicable:
“3. I have performed the following actions in order to confirm the truth and veracity of the statements made herein. This review is based upon my access to the books and records relating to this loan which are kept in the ordinary course of business.
*217 “Initial all that are applicable:
“A_Confirmed the notice of default, if required, was properly mailed prior to commencement of foreclosure.
“B_Reviewed the summons and complaint in this action to confirm the factual accuracy of the identity of the proper plaintiff, the defaults and the amounts claimed to be due to plaintiff as set forth therein.
“C_ Confirmed the affidavit(s) executed and submitted by plaintiff together with this application have been personally reviewed by the signatory; that the notary acknowledging the affiant’s signature followed applicable law in notarizing the affiant’s signature.
“D_I am unable to confirm or deny that the underlying documents previously filed with the Court have been properly reviewed or notarized.
“E_Inasmuch as the underlying mortgage loan has been transferred prior to commencement or during the pendency of this action, I am unable to confirm or deny that the underlying documents filed with the Court have been properly reviewed or notarized by the prior servicer.
“F_(other)_
(Form B.)
Further, the Uniform Civil Rules for the Supreme Court provide, as of January 19, 2011, “The Chief Administrator of the Courts may continue to require counsel to file affidavits or affirmations confirming the scope of inquiry and the accuracy of papers filed in residential mortgage foreclosure actions addressing both owner-occupied and . . . non-owner-occupied residential properties.” (See Uniform Civil Rules for Sup Ct and County Ct [22 NYCRR] § 202.12-a [f|.)
It should be apparent that, since the requirement for an affirmation of counsel in residential foreclosure actions was only first imposed in October 2010, and plaintiffs ex parte application for a judgment of foreclosure was filed two years earlier, the application is not accompanied by an affirmation of counsel that complies with the requirement. It should also be apparent that the administrative order does not explicitly address the situation presented here, that is, where no judgment *218 of foreclosure has been entered on the effective date of the order, but the proposed judgment of foreclosure was applied for before the effective date.
In light of the clear intent of the rule, however, as well as the stated policy that prompted its promulgation, the court cannot conclude that this action can proceed to foreclosure and sale without a complying affirmation because it is not specifically described in the order. Indeed, even where a judgment of foreclosure had already been entered when the order first became effective, the affirmation is required before sale. Given the clearly stated purpose of the affirmation, that it would not be required where a judgment of foreclosure has not even been granted would be absurd, and would frustrate the purpose of the rule. (See People v Paulin, 17 NY3d 238, 243 [2011]; Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 675 [1988].) Moreover, the second order itself speaks of counsel’s affirmation and the optional affidavit by “a representative of plaintiff’ “in addition to such information as the court may require.” (See Administrative Order AO/431/11.)
A review of the papers filed in support of plaintiffs application suggests that this may be precisely the kind of case the affirmation requirement was intended to address. The subject mortgage was given on October 20, 2006 to Lend America, although it states that “for purposes of recording this mortgage,” Mortgage Electronic Registration Systems, Inc. (MERS) “is the mortgagee of record.” As previously noted, MERS commenced this action on December 4, 2007, then assigned the mortgage to plaintiff on December 28, 2007.
The assignment of mortgage dated December 28, 2007, attached to the referee’s report of amount due, is signed on behalf of MERS “as nominee for Lend America” by Lou Ann Howard, described as “Vice President.” Interestingly, the “Deposition of Plaintiff’ dated February 15, 2008, also attached to the referee’s report of amount due, is also signed by Lou Ann Howard, again described as “Vice President” but no entity is indicated. In the body of the document, she asserts that she is the “authorized agent of the Plaintiff,” without any indication of the source of her authority. Since the document is dated months before Justice Ambrosio’s August 18, 2008 order substituting Central Mortgage Company as plaintiff, presumably Ms. Howard is referring to MERS, which was not the plaintiff at the time this application was filed.
At the least, the admissibility and probative value of Ms. Howard’s assertions are questionable. (See JP Morgan Chase *219 Bank, N.A. v RADS Group, Inc., 88 AD3d 766, 767 [2d Dept 2011]; HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [2d Dept 2009]; see also Matter of Carothers v GEICO Indem. Co., 79 AD3d 864, 864-865 [2d Dept 2010]; Reiss v Roadhouse Rest., 70 AD3d 1021, 1024 [2d Dept 2010]; Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 495 [2d Dept 2007]; Whitfield v City of New York, 16 Misc 3d 1115[A], 2007 NY Slip Op 51433[U] [Sup Ct, Kings County 2007], affd 48 AD3d 798 [2d Dept 2008].)
The court notes also that the referee’s report of amount due and the attached referee’s computation of sums due plaintiff assume proper and effective acceleration of the total principal amount of the secured debt. Section 22 of the mortgage states that “Lender may require Immediate Payment in Full. . . only if all [specified] conditions are met,” including that “Lender sends ... a notice” that complies with the section. (See GE Capital Mtge. Servs. v Mittelman, 238 AD2d 471, 471 [2d Dept 1997]; Moet II v McCarthy, 229 AD2d 876, 877 [3d Dept 1996]; Citimortgage, Inc. v Villatoro-Guzman, 2009 NY Slip Op 30983[U], *4 [Sup Ct, Suffolk County 2009]; Weitzel v Northern Golf, Inc., 18 Misc 3d 1134[A], 2008 NY Slip Op 50305[U], *4-6 [Sup Ct, Livingston County 2008]; QMB Holdings, LLC v Escava Bros., 11 Misc 3d 1060[A], 2006 NY Slip Op 50322[U], *3 [Sup Ct, Bronx County 2006]; Manufacturers & Traders Trust Co. v Korngold, 162 Misc 2d 669 [Sup Ct, Rockland County 1994]; see also First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165-166 [2d Dept 2010].) Nothing submitted on this application shows that an acceleration notice was properly delivered to the mortgagor by an entity entitled to deliver it. (See Norwest Bank Minn. v Sabloff, 297 AD2d 722, 723 [2d Dept 2002]; see also Matter of Frankel v Citicorp Ins. Servs., Inc., 80 AD3d 280, 284-285 [2d Dept 2010]; Lenchner v Chasin, 57 AD3d 623, 624 [2d Dept 2008]; Dune Deck Owners Corp. v Liggett, 34 AD3d 523, 524 [2d Dept 2006]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2d Dept 2001]; QMB Holdings, LLC v Escava Bros., 11 Misc 3d 1060[A], 2006 NY Slip Op 50322[U], *3 [2006]; Manufacturers & Traders Trust Co. v Korngold, 162 Misc 2d 669 [1994].)
The court has been unable to locate any decision addressing the referee’s authority, on an order of reference in a mortgage foreclosure action, to determine whether the debt has been properly and effectively accelerated. Generally, “[a] referee has no power beyond that limited in the order of reference.” (See L. *220 H. Feder Corp. v Bozkurtian, 48 AD2d 701 [2d Dept 1975].) “A Referee who attempts to resolve a matter beyond the scope of the reference acts in excess of his or her jurisdiction.” (Chang v Chang, 190 AD2d 311, 319 [1st Dept 1993].)
A referee to compute in a mortgage foreclosure action is authorized to resolve disputes “as to the exact amount owed by the mortgagor to the mortgagee” (see Crest/Good Mfg. Co. v Baumann, 160 AD2d 831, 832 [2d Dept 1990]; see also Long Is. Sav. Bank of Centereach, F.S.B. v Denkensohn, 222 AD2d 659, 660 [2d Dept 1995]), including claimed overpayments or credits (see First Nationwide Bank v Goodman, 272 AD2d 433, 434 [2d Dept 2000]; Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805, 805-806 [2d Dept 1981]; see also Johnson v Gaughan, 128 AD2d 756, 757 [2d Dept 1987]). The referee may also “exercise[ ] . . . discretion in determining that the mortgagee was not entitled to collect interest at the default rate.” (See Preferred Group of Manhattan, Inc. v Fabius Maximus, Inc., 51 AD3d 889, 890 [2d Dept 2008].)
Assuming that, in appointing a referee to compute in a mortgage foreclosure action, the court may direct the referee to determine whether the debt was properly and effectively accelerated (see Mortgage Elec. Registration Sys., Inc. v Maki, 9 Misc 3d 983 [Sup Ct, Seneca County 2005]), here, the order appointing a referee to compute and amending the caption dated August 18, 2008 does not expressly so provide; and the court does not understand the direction in that order for the referee “to ascertain and compute the amount due to the Plaintiff herein for principal, interest, and other disbursements advanced as provided by statute and the Note and Mortgage upon which this action was brought” to encompass the authority to make that determination. Generally, this court makes that determination itself in ruling on the mortgagee’s application for an order of reference, and other courts apparently do likewise. (See Prompt Mtge. Providers of N. Am., LLC v Direct Realty, LLC, 2011 NY Slip Op 32188[U], *4-6 [Sup Ct, NY County 2011]; Community Preserv. Corp. v Sahara Realty Dev., LLC, 2011 NY Slip Op 30437[U], *8-9 [Sup Ct, Queens County 2011]; HSBC Mtge. Corp. [USA] v Erneste, 22 Misc 3d 1115[A], 2009 NY Slip Op 50131[U], *3-4 [Sup Ct, Kings County 2009].)
In the order appointing a referee to compute and amending the caption, Justice Ambrosio does not explicitly make a determination as to acceleration of the debt, but orders that “a default judgment in favor of the Plaintiff be granted on the *221 claim described in the Plaintiff’s Complaint herein.” The complaint alleges that “pursuant to the terms of [the subject note and mortgage] plaintiff has elected to accelerate the mortgage balance and declare the same to be immediately due and payable” (complaint 1i 10).
On an application for a default judgment in a mortgage foreclosure action, the mortgagee must comply with CPLR 3215 (f), which requires “proof of the facts constituting the claim, the default and the amount due.” (See HSBC Bank USA, N.A. v Betts, 67 AD3d at 736.) The proof must establish a prima facie case. (See Walley v Leatherstocking Healthcare, LLC, 79 AD3d 1236, 1239 [3d Dept 2010]; Green v Dolphy Constr. Co., 187 AD2d 635, 637 [2d Dept 1992]; Silberstein v Presbyterian Hosp. in City of N.Y., 96 AD2d 1096, 1096 [2d Dept 1983]; see also Superior Dental Care, P.C. v Hoffman, 81 AD3d 632, 634 [2d Dept 2011] [“viable cause of action”].)
In the absence of any showing that Justice Ambrosio was not called upon to determine, or did not determine, that the mortgage debt was properly and effectively accelerated, this court will presume that he made that determination in ordering the default judgment, and will treat that determination as law of the case (see People v Evans, 94 NY2d 499, 502-505 [2000]).
Finally, the nonmilitary affirmation/affirmation in support of entry of judgment, which is based upon an investigation conducted on August 8, 2008, is stale. (See Emigrant Mtge. Co., Inc. v Daniels, 2010 NY Slip Op 32720[U], *4-5 [Sup Ct, NY County 2010]; Sunset 3 Realty v Booth, 12 Misc 3d 1184[A], 2006 NY Slip Op 51441 [U], *3 [Sup Ct, Suffolk County 2006]; New York City Hous. Auth. v Smithson, 119 Misc 2d 721, 723-724 [Civ Ct, NY County 1983].) The court appreciates that plaintiff is not responsible for the delay, but the requirement for an appropriate investigation of military status is not a penalty for fault, but rather an assurance that, in this time of continuing military action overseas, service personnel are protected from losing their homes.
Plaintiffs motion is denied, with leave to renew with the affirmation required by administrative order AO/431/11 and otherwise in accordance with this opinion.