In an action to foreclose a mortgage, the defendants Patricia Ann Carcano, also known as Patricia M. Carcano, and Felix M. Carcano appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), *725 entered November 17, 2011, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against them and to appoint a referee to compute the amount due to it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendants Patricia Ann Carcano, also known as Patricia M. Carcano, and Felix M. Carcano (hereinafter together the appellants), by producing a “ ‘mortgage, the unpaid note, and evidence of default’ ” (Wells Fargo Bank, N.A. v Webster, 61 AD3d 856, 856 [2009], quoting Republic Natl. Bank of N.Y. v O’Kane, 308 AD2d 482, 482 [2003] [internal quotation marks omitted]; see Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707, 707-708 [2012]; Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC, 89 AD3d 922, 923 [2011]; HSBC Bank USA, NA v Schwartz, 88 AD3d 961, 961 [2011]; Rossrock Fund II, L.P. v Osborne, 82 AD3d 737, 737 [2011]). In opposition, the appellants failed to raise a triable issue of fact as to a bona fide defense to the action (see Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1159 [2012]; Cochran Inv. Co., Inc. v Jackson, 38 AD3d 704, 705 [2007]; Mahopac Natl. Bank v Baisley, 244 AD2d 466, 467 [1997]). Contrary to the appellants’ contention, the notices of default provided to them by the plaintiff satisfied the provision in the subject mortgage requiring that such notice inform the appellants that they “have the right in any lawsuit for Foreclosure and Sale to . . . present any . . . defenses that [they] may have” (see Indymac Bank, F.S.B. v Kamen, 68 AD3d 931, 931 [2009]; First Trust Natl. Assn. v Meisels, 234 AD2d 414 [1996]; see also Fortune Limousine Serv., Inc. v Nextel Communications, 35 AD3d 350, 353 [2006]; cf. Moet II v McCarthy, 229 AD2d 876 [1996]).
The appellants further contend that the plaintiff cannot rely on a notice of default sent in November 2008 to satisfy the requirements of the subject mortgage since it constitutes a “90-day notice,” which is not a substitute for compliance with the “30-day notice” specified in the subject mortgage. This contention lacks merit inasmuch as the subject mortgage requires that the notice must provide that the date by which the default must be corrected “will be at least 30 days from the date on which the notice is given” (emphasis added). In any event, the provisions of the subject mortgage were satisfied by a notice of default sent to the appellants in May 2009.
*726 Accordingly, the Supreme Court properly granted those branches of the plaintiffs motion which were for summary judgment on the complaint insofar as asserted against the appellants and to appoint a referee to compute the amount due to it. Skelos, J.E, Balkin, Cohen and Miller, JJ., concur.