HSBC Bank USA, N.A. v Schulman (2025 NY Slip Op 01207)

HSBC Bank USA, N.A. v Schulman

2025 NY Slip Op 01207

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-04228 
2023-04241
 (Index No. 59860/17)

[*1]HSBC Bank USA, N.A., appellant, 
v
Mark Schulman, etc., et al., defendants, Cathi Maida-Schulman, etc., respondent.

McCabe, Weisberg & Conway, LLC, Melville, NY (Jamie C. Krapf of counsel), for appellant.
Clair Gjertsen & Weathers PLLC, White Plains, NY (Mary Aufrecht of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated February 21, 2023, and (2) a judgment of the same court dated March 10, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Cathi Maida-Schulman which was to confirm so much of a report of a referee (Albert J. Degatano, Ct. Atty. Ref.) dated November 22, 2022, made after a nonjury trial, as recommended granting that defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with the notice requirements of the mortgage. The judgment, upon the order, is in favor of the defendant Cathi Maida-Schulman and against the plaintiff dismissing the complaint insofar as asserted against that defendant and directing that the notice of pendency be canceled of record.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Cathi Maida-Schulman.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On July 26, 2007, the defendants Mark Schulman and Cathi Maida-Schulman executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA), a consolidation, extension, and modification agreement (hereinafter the CEMA). Pursuant to the CEMA, certain prior notes and mortgages evidencing loans were consolidated to form a single lien in the amount of $525,000, and the parties to the CEMA agreed [*2]that the note attached to the CEMA as Exhibit C (hereinafter the note) and the mortgage attached to the CEMA as Exhibit D (hereinafter the mortgage) would be the controlling note and mortgage. The mortgage encumbered certain real property located in Lewisboro.
In June 2017, the plaintiff commenced this action to foreclose the mortgage against Schulman and Maida-Schulman, among others. Maida-Schulman interposed an answer with several affirmative defenses, including the plaintiff's failure to comply with the notice requirements of the mortgage.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Maida-Schulman and for an order of reference. Maida-Schulman opposed the motion and cross-moved to dismiss the complaint insofar as asserted against her, contending, among other things, that the plaintiff failed to comply with the condition precedent of the mortgage requiring the plaintiff to send a notice of default prior to the commencement of the action. In an order dated May 31, 2019, the Supreme Court denied the plaintiff's motion and Maida-Schulman's cross-motion. Thereafter, the court referred the matter to a referee for a trial on the issue of, inter alia, whether the plaintiff complied with the notice requirements of the mortgage.
At the nonjury trial, in attempting to establish its compliance with the notice requirements of the mortgage, the plaintiff relied upon certain testimony and evidence regarding a letter dated September 12, 2011, addressed to Schulman and Maida-Schulman. At the close of the plaintiff's case, Maida-Schulman moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against her, arguing, inter alia, that the letter dated September 12, 2011, did not comply with the requirements of paragraph 22 of the mortgage. The plaintiff opposed Maida-Schulman's motion, arguing, among other things, that the language of the letter dated September 12, 2011, complied with paragraph 22 of the mortgage. After the trial, in a report dated November 22, 2022, the referee, inter alia, found that the letter dated September 12, 2011, did not comply with paragraph 22 of the mortgage and recommended granting Maida-Schulman's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with the notice requirements of the mortgage.
Maida-Schulman moved, among other things, to confirm so much of the referee's report as recommended granting Maida-Schulman's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with the notice requirements of the mortgage. In an order dated February 21, 2023, the Supreme Court, inter alia, granted that branch of Maida-Schulman's motion. In a judgment dated March 10, 2023, the court dismissed the complaint insofar as asserted against Maida-Schulman and directed that the notice of pendency be canceled of record. The plaintiff appeals.
"A notice of default need only substantially comply with the terms of the mortgage" (AXIOM Bank v Dutan, 190 AD3d 672, 674; see U.S. Bank Trust, N.A. v Miele, 186 AD3d 529, 531; Hudson City Sav. Bank v Friedman, 146 AD3d 757, 758). Contrary to the plaintiff's contention, the letter dated September 12, 2011, did not substantially comply with paragraph 22 of the mortgage, which required, among other things, that the lender must provide the borrower with "at least 30 days from the date on which the notice is given" to correct the default (see Moet II v McCarthy, 229 AD2d 876, 876-877). The letter dated September 12, 2011, provided that a specified amount must be received "within" 30 days from the date of the letter, which gave Maida-Schulman less time to correct the default than the time provided in paragraph 22 of the mortgage.
The plaintiff's contentions that certain letters dated December 31, 2015, and January 17, 2017, satisfied the condition precedent in the mortgage are improperly raised for the first time on appeal.
Accordingly, we affirm the judgment.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court