■ CENTRAL TRUST COMPANY, Respondent, v HAROLD J. SHEAHEN et al., Appellants, et al., Defendants.—Order affirmed, with costs. Memorandum: On November 15, 1972 defendant Orchard Grove Village Associates (Orchard Grove), a limited partnership, offered to purchase from defendants Harold Sheahen and Lawrence Castle approximately 102 acres of land located in the Town of Ontario for development as a mobile home community. The purchase price was $2,500 per acre, of which a specified amount was to be paid in cash and the remainder paid by a note and purchase-money mortgage. In the purchase agreement Sheahen and Castle agreed to subordinate their purchase-money mortgage "to a bona fide construction loan not to exceed Two Million ($2,000,000.00) Dollars for the costs of improvement upon terms and conditions satisfactory to [Orchard Grove] and as required by the Lender and the Title Company." On December 29, 1972 a meeting was held in the office of the attorneys for plaintiff Central Trust Company, at which the acreage was deeded to Orchard Grove in exchange for $75,000 in cash and a note for $180,533 secured by a purchase-money mortgage. The purchase-money mortgage contained a provision that Sheahen and Castle "shall look only to the property encumbered for the payment of said mortgage and shall not seek a deficiency judgment nor shall a deficiency judgment be entered against any person or entity." It was further provided that the purchase-money mortgage was "subject and subordinate in lien to the lien of a construction load mortgage made by the mortgagor to Central Trust Company, Rochester, N.Y. dated December 29, 1972." During the meeting and following the transfer from Sheahen and Castle to Orchard Grove, Orchard Grove gratuitously conveyed the land to Alcon Developers, a paper corporaion whose sole shareholders were the two general partners of Orchard Grove. Alcon Developers obtained the construction loan from plaintiff and executed a construction loan mortgage which was filed 10 days after the purchase-money mortgage held by Sheahen and Castle. Orchard Grove made payments on the purchase-money mortgage until December of 1974, at which time the principal balance was approximately $144,426. When Alcon Developers failed to make payments due on the construction loan in November of 1975, plaintiff brought this action to foreclose on its construction loan mortgage. Sheahen and Castle set up as a defense and counterclaim that their purchase-money mortgage was superior to plaintiff's construction loan mortgage because they had only intended to subordinate their mortgage to a construction loan mortgage given by Orchard Grove and not to one given by Alcon Developers. Plaintiff moved for summary judgment and Special Term granted the motion. A prior mortgage lien may be subordinated to a subsequent construction loan mortgage by agreement (Brooklyn Trust Co. v Fairfield Gardens, 260 NY 16). The fundamental rule in the interpretation of contracts is to ascertain the substantial intent of the parties and where the intention of the parties may be gathered from the four corners of the instrument, interpretation is a question of law (West, Weir & Bartel v Carter Paint Co., 25 NY2d 535; Loblaw, Inc. v Wylie, 50 AD2d 4, 8). Moreover, an agent may be appointed to do the same acts and to achieve the same legal consequences as if the principal had himself personally acted, except as to acts which by their nature, by public policy, or by contract, require personal performance, or

acts which are illegal (2 NY Jur, Agency, § 18). Furthermore, the existence of consideration is not essential to the relation of principal and agent (2 NY Jur, Agency, § 2). Here, it is clear that Sheahen and Castle intended to subordinate their purchase-money mortgage to the construction loan mortgage held by plaintiff. From letters sent to plaintiff on October 25, 1975 and December 3, 1975, it is evident that it was the understanding of counsel for Sheahen in Florida that the purchase-money mortgage held by Sheahen and Castle was subordinate to the construction loan mortgage held by plaintiff which had been given by Alcon Developers. At the time of the conveyances, Sheahen and Castle knew of the existence of Alcon Developers and that a corporation would probably be plaintiff's mortgagor, as they admitted in their brief. Although by his own admission Sheahen knew of the involvement of Alcon Developers in the construction of the mobile home community in June of 1974, no questions were raised concerning the priority of plaintiff's construction loan mortgage until after this foreclosure action was commenced. There was no requirement either in the purchase agreement or the purchase-money mortgage that Orchard Grove obtain the construction loan and grant a construction loan mortgage in its own name rather than through its agent, Alcon Developers. In any event, Sheahen and Castle suffered no prejudice as a result of Orchard Grove's use of Alcon Developers to obtain the construction loan mortgage, inasmuch as their purchase-money mortgage was without recourse against Orchard Grove or its partners. Consequently, we hold that the purchase-money mortgage held by Sheahen and Castle was properly determined to be subordinated to plaintiff's construction loan mortgage. We have examined the remaining contentions of defendants Sheahen and Castle and find them to be without merit. All concur, except Hancock, Jr., and Schnepp, JJ., who dissent and vote to reverse the order and deny the motion in the following Memorandum.

Hancock, Jr., and Schnepp, JJ. (dissenting). We would reverse. In the mortgage dated December 29, 1972 given to defendants Sheahen and Castle as mortgagees "Orchard Grove Village Associates, a Limited Partnership" is specifically identified as "the mortgagor". The mortgagees agree to the subordination of their mortgage to a construction loan mortgage "made by the *mortgagor*" (emphasis supplied). There is no language evincing any intent by the mortgagees to subordinate their mortgage to a mortgage given by any person or party other than the party named as mortgagor in the instrument. That Orchard Grove may have appointed Alcon Developers, Inc., its agent is immaterial and could not bind Sheahen and Castle to an agreement they have not made. That one agrees to the subordination of his mortgage to a mortgage given by "A" does not mean that he has agreed to subordinate his mortgage to one given by "A's" agent. (See 10 NY Jur, Contracts, §§ 231, 233.) The consequence of the majority's holding to the contrary is that the promisors (Sheahen and Castle) have been forced to agree to an assignment of the subordination agreement to Alcon without their consent and also to the subordination of their mortgage to a mortgage different from the one specified, i.e., a mortgage given not by Orchard Grove (as they agreed) but by Alcon. It cannot be said that the result reached by the majority is of no consequence to Sheahen and Castle. Instead of subordinating their mortgage to a first mortgage in which the mortgagors and obligors are partners of Orchard Grove, their mortgage becomes junior to a mortgage given by a shell corporation with no assets. Even assuming that there were no detriment, however, the rule does not change. A promisor cannot be compelled to render a performance materially different from that which he has promised merely because the demanded performance is no

more burdensome than the performance agreed upon (see 4 Corbin, Contracts, § 868). Inasmuch as there is no ambiguity in the mortgage instrument of December 29, 1972, no parol evidence is admissible and we would dismiss the complaint against Castle and Sheahen. Even if extraneous evidence of intent were considered, however, summary judgment should be denied because triable issues of fact are presented by the documents and conflicting statements in the record including the sworn affidavits of Sheahen and Castle and their attorneys in which they allege that the execution of the building loan mortgage by Alcon in place of Orchard Grove was concealed from them and also that they had no knowledge that Alcon was to be the mortgagor and that they never would have consented to a subordination of the mortgage to a mortgage given by Alcon (CPLR 3212). (Appeal from order of Wayne Supreme Court—summary judgment.) Present —Marsh, P. J., Moule, Simons, Hancock, Jr., and Schnepp, JJ.