OPINION OF THE COURT
Howard Miller, J.
Motion by plaintiff for summary judgment is denied.
*670 Defendants Louis Korngold and Carol Ann Korngold (jointly Korngold) entered into a mortgage agreement with Midlantic Home Mortgage Corporation (Midlantic), which was subsequently assigned to plaintiff. Paragraph 19 of the mortgage provides that the mortgagee may require immediate payment in full "only if all of the following conditions are met”. An enumerated precedent condition is that the "Lender” send a 30-day notice of default. Defendants Korngold have asserted as an affirmative defense to this foreclosure action that the giving of notice by Midcoast Mortgage Corporation (Midcoast), who is neither the Lender nor a successor in interest to the Lender, fails to comply with paragraph 19 of the mortgage and thus acceleration of the mortgage is precluded.
The mortgage defines "Lender” solely as "Midlantic Home Mortgage Corporation.” Real Property Law § 254 (2) requires that the term "Lender” be construed to include "the mortgagee or obligee, his executors, administrators, successors or assigns”. Thus the term "Lender” cannot be expanded beyond Midlantic or the construction provided by Real Property Law § 254. Midcoast is neither the Lender, nor its successor or assign. On this motion, plaintiff offers only the affidavit of Charles H. Kosowicz, the assistant vice-president of foreclosures and bankruptcies of Midcoast, to establish that Midcoast is the agent for plaintiff. It is hornbook law that an agent’s authority may not be proven out of the mouth of the agent (Lexow & Jenkins v Hertz Commercial Leasing Corp., 122 AD2d 25; Moore v Leaseway Transp. Corp., 65 AD2d 697, affd 49 NY2d 720).
Plaintiff further contends that, as its agent, Midcoast had authority to send the notice of default, citing as authority Central Trust Co. v Sheahen (66 AD2d 1015), and quoting so much of the decision that holds that "an agent may be appointed to do the same acts and to achieve the same legal consequences as if the principal had himself personally acted”. That sentence continues, however, to exclude acts which by contract require personal performance (see also, 2 NY Jur 2d, Agency, § 17, at 479). The mortgage contains no provision which would permit the sending of the notice of default, which is specifically required to be sent by "Lender,” by an agent of the Lender.
It is well settled that where a lease requires a notice of default to be sent by the "landlord,” any notice sent by the landlord’s agent is ineffective unless accompanied by proof of the agent’s authority to bind the landlord (see, Siegel v Ken *671 tucky Fried Chicken, 67 NY2d 792; Paul Ruth Trading Co. v Royal Yarn Dyeing Corp., 114 Bankr 852, and cases cited therein). The notice of default sent by Midcoast not only fails to include any proof of Midcoast’s agency, but in fact even fails to mention plaintiff. Inasmuch as payment to an agent who has neither possession of the note and mortgage nor express authority to receive payment does not relieve the mortgagor of the obligation to make payment to the mortgagee (see, 2 NY Jur 2d, Agency, § 123, at 561), a mortgagor making payment to an agent who fails to provide any evidence of its authority does so at his peril. There is nothing in the record before the court to indicate that defendants Korngold had ever been notified that Midcoast was acting as plaintiff’s agent. Whether plaintiff ever notified defendants Korngold that Midcoast had full authority to act as its agent, or whether circumstances were such that defendants Korngold acquired such knowledge by other means (see, e.g., Paul Ruth Trading Co. v Royal Yarn Dyeing Corp., supra), is an issue of fact precluding summary judgment.
The mortgage unambiguously provides that the sending of a notice of default conforming with the mortgage provisions is a condition precedent to acceleration of the mortgage. Unless and until plaintiff can demonstrate that (a) Midcoast was its agent; and (b) that defendants Korngold had reason to know that Midcoast had authority to act on its behalf, thus rendering the notice of default valid, plaintiff is precluded from accelerating the mortgage through its failure to comply with the conditions precedent in paragraph 19 of the mortgage.