■ KINGSLAND GROUP, INC., Respondent, v J.B. SATCIN REALTY CORP. et al., Appellants, et al., Defendants. [792 NYS2d 506]—

In an action to foreclose a mortgage, the defendants J.B. Satcin Realty Corp. and Kathy Nictas, as administrator of the estate of George Nictas, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated February 17, 2004, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them on the grounds of violation of Judiciary Law § 495 and collateral estoppel on the issue of usury, for leave to amend their answer to assert defenses based on those grounds, and for partial summary judgment dismissing the second cause of action for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 22, 1996, the defendant J.B. Satcin Realty Corp. (hereinafter JBSR), as mortgagor, executed a mortgage note in the principal sum of $110,000 at the rate of 16% per annum with Vincent Gulli, Scott A. Philips, Stephen Lenski, and William A. Mintz or Estelle Mintz, as mortgagees. On the same date, George Nictas, JBSR's president, executed a personal guaranty of the mortgage note. The mortgage note and the guaranty contained provisions pursuant to which JBSR and Nictas agreed to pay the legal fees and expenses incurred by the mortgagees in a foreclosure action. On the same date, each mortgagee also executed identical servicing agreements with

Kingsland Group, Inc. (hereinafter KGI), pursuant to which KGI agreed to service the mortgage on behalf of the mortgagees, and assumed certain responsibilities including, inter alia, billing, collection, retention of legal counsel, and payment of legal fees and expenses in connection with any legal proceedings regarding the loan.

The appellants contended that KGI violated Judiciary Law § 495 by furnishing counsel for the mortgagees. We agree with the Supreme Court that the appellants waived their right to raise Judiciary Law § 495 as a defense by failing to assert it for more than six years after initiation of the action (see CPLR 3211 [e]; *Harte v Richmond County Sav. Bank,* 224 AD2d 585 [1996]; *Muchnick v Alcamo Supply & Contr. Corp.,* 169 AD2d 711 [1991]). The appellants contended that they only learned of the defense for violation of Judiciary Law § 495 after the depositions of KGI representatives and the mortgagees were conducted in 2003. However, they did not specifically contend that the plaintiff's delayed production of the servicing agreements, which clearly indicated that KGI, upon the mortgagees' instructions, would retain counsel on their behalf and pay all legal fees and expenses in a foreclosure action. In any event, the primary role of KGI under the servicing agreements was to service the mortgage, not to furnish counsel or provide legal representation to the mortgagees. Accordingly, the integrity of the legal profession, which Judiciary Law § 495 is intended to protect, was not at risk (*cf. People v Peoples Trust Co.,* 180 App Div 494 [1917]).

Further, the doctrine of collateral estoppel was inapplicable. Contrary to the appellants' contention, the oral decision of a federal bankruptcy court to which an unrelated foreclosure proceeding was removed, which proceeding was commenced by different mortgagees against different mortgagors who also executed servicing agreements with KGI, in which a finding of usury was made, did not have collateral estoppel effect in this action.

As to attorney's fees, they "may be recovered in the mortgage foreclosure action itself if the mortgage document obligates the mortgagor to pay such a fee for the expenses incurred in that action" (*Levine v Infidelity, Inc.,* 2 AD3d 691, 692 [2003]). Here, both the mortgage and the guaranty created such an obligation. The appellants failed to establish a prima facie case that KGI, as servicing agent for the mortgagees, cannot enforce that obligation on behalf of the mortgagees (*see Central Trust Co. v Sheahen,* 66 AD2d 1015 [1978] [an agent may be appointed to do the same acts and achieve the same legal consequences as if

the principal had itself personally acted]). Accordingly, the appellants were not entitled to summary judgment dismissing the second cause of action for an award of an attorney's fee.

The Supreme Court properly denied that branch of the appellants' motion which was for leave to amend their answer to assert defenses based on violation of Judiciary Law § 495 and collateral estoppel. Since the Supreme Court considered and rejected on the merits those proposed defenses, it would not have furthered justice to have amended the answer to assert them (*see* CPLR 3025 [b]; *Butt v New York Med. Coll.,* 7 AD3d 744 [2004]; *Benjamin Shapiro Realty Co. v Kemper Natl. Ins. Cos.,* 303 AD2d 245 [2003]).

The appellants' remaining contentions are without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.