OPINION OF THE COURT
Eileen Bransten, J.
This matter comes before the court on plaintiff Equator International, Inc.’s motion for summary judgment in lieu of complaint pursuant to section 3213 of the Civil Practice Law and Rules, seeking the entry of a judgment against defendant NH Street Investors, Inc., in the amount of $3,675,000, plus contractual interest accruing from January 11, 2008, for a total of $14,021,192.20. Defendant opposes. For the reasons that follow, plaintiffs motion is granted.
Background
Plaintiff is “a company organized and existing under the laws of the Republic of Seychelles.” (Plaintiffs aff in support ¶ 1.) Defendant is a corporation organized under the laws of the State of Delaware. (Plaintiffs exhibit D at 1.)
In October 2007, in connection with the purchase and development of real estate located in Washington, D.C., defendant entered into an agreement to borrow $9,765,000 from several nonparty entities (the West End Entities). (Plaintiffs aff in support ¶ 4.) That loan (the October 2007 loan) was evidenced by a registered financing certificate dated October 19, 2007, and required the repayment of the $9,765,000 principal amount plus interest. (Plaintiffs aff in support ¶ 4; plaintiffs exhibit A.)
In January 2008, the West End Entities entered into an agreement with plaintiff to borrow $5,250,000. (Plaintiffs aff in support ¶ 5.) That loan (the January 2008 loan) was evidenced by a registered financing certificate dated January 11, 2008, and required the repayment of the $5,250,000 principal amount plus interest. (Plaintiffs aff in support ¶ 5; plaintiffs exhibit B.)
In partial satisfaction of the January 2008 loan, the West End Entities assigned to plaintiff a $3,675,000 interest in the October 2007 loan. (Plaintiffs aff in support ¶ 6.) The assignment (the January 2008 assignment) of that interest is evi *254 denced by an assignment dated January 11, 2008. (Plaintiff s aff in support ¶ 6; plaintiffs exhibit C.)
In order to further evidence and memorialize the January 2008 assignment, defendant executed and delivered to plaintiff a registered financing certificate dated January 11, 2008 (the certificate), which requires the repayment of the $3,675,000 principal amount plus interest. (Plaintiffs aff in support ¶ 7; plaintiffs exhibit D.) The certificate required defendant to make interest payments to plaintiff on the 20th day of each month and to repay the entire principal amount of $3,675,000 on October 19, 2017. (Plaintiffs aff in support ¶ 8; plaintiffs exhibit D at 1-2.)
Defendant’s first interest payment under the certificate was due on January 20, 2008. (Plaintiff’s aff in support ¶ 8; plaintiffs exhibit D at 1.) Plaintiff asserts, and defendant does not dispute, that defendant did not make that payment or any subsequent payments with respect to the certificate. (Plaintiff s aff in support ¶ 11.)
By letter dated March 11, 2013, plaintiff, by its counsel, advised defendant that defendant was in default under the terms of the certificate, and that the entire principal amount of $3,675,000, as well as interest accrued thereon, was immediately due and payable. (Plaintiffs aff in support ¶ 12; plaintiffs exhibit E at 1-2.) To date, defendant has not repaid any of the amount owed under the certificate. (Plaintiff’s aff in support ¶ 13.)
On April 8, 2013, plaintiff commenced this action by filing a summons and notice of motion for summary judgment in lieu of complaint. By this motion, plaintiff seeks the entry of a judgment against defendant in the amount of $14,021,192.20, which includes the unpaid principal amount of $3,675,000, as well as interest accrued thereon under the terms of the certificate.
Analysis
CPLR 3213[1] provides in pertinent part that “[w]hen an action is based upon an instrument for the payment of money *255 only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.” In addition, “[e]ven if the instrument sued on is for payment of money only, the standard for summary judgment must be separately satisfied.” (Allied Irish Banks, PLC v Young Men’s Christian Assn. of Greenwich, 36 Misc 3d 216, 222 [Sup Ct, NY County 2012], affd 105 AD3d 516 [1st Dept 2013].)
I. Whether This Case Involves an “Instrument for the Payment of Money Only”
The typical example of an “instrument for the payment of money” is an unconditional promise to pay a sum certain, signed by the promisor and due on demand or at a definite time. (Weissman v Sinorm Deli, 88 NY2d 437, 443-444 [1996].) Moreover, such an instrument must “not require additional performance by plaintiff as a condition precedent to payment, or otherwise make defendant’s promise to pay something other than unconditional.” (Stevens v Phlo Corp., 288 AD2d 56, 56 [1st Dept 2001]; see Allied Irish Banks, PLC, 36 Misc 3d at 220.) In other words, “where the agreement includes other conditions that are not satisfied by the instrument itself, summary judgment is inappropriate.” (Allied Irish Banks, PLC, 36 Misc 3d at 220.)
The certificate begins with the following statement: “FOR VALUE RECEIVED, NH STREET INVESTORS, INC., a Delaware corporation (the ‘Borrower’), HEREBY PROMISES TO PAY to Equator International Inc., a company organized under the laws of the Republic of Seychelles (the ‘Lender’), the principal amount of U.S. $3,675,000 on October 19, 2017 (the ‘Maturity Date’).” (Plaintiffs exhibit D at 1; plaintiffs mem in support at 1.)
In addition, the certificate contains no terms which condition or otherwise limit the rights of plaintiff to be repaid. That is, the certificate does “not require additional performance by plaintiff as a condition precedent to payment, or otherwise make defendant’s promise to pay something other than unconditional.” *256 (Stevens, 288 AD2d at 56.) Moreover, while defendant opposes the relief sought by plaintiff, defendant does not dispute or raise any argument as to whether the certificate is an “instrument for the payment of money only” or whether the certificate’s terms of repayment are unconditional.
For these reasons, and based on the entire record, the court finds that the certificate is an “instrument for the payment of money only” within the meaning of CPLR 3213, under which defendant is unconditionally obligated to repay the principal amount of $3,675,000, plus interest accrued thereon.
II. Whether Plaintiff Has Satisfied the Summary Judgment Standard
To prevail on a motion for summary judgment in lieu of complaint, “[ejven if the instrument sued on is for payment of money only, the standard for summary judgment must be separately satisfied.” (Allied Irish Banks, PLC, 36 Misc 3d at 222.) That is, “to prevail, the plaintiff must show the lack of triable issues of fact.” (Allied Irish Banks, PLC 36 Misc 3d at 222.) In addition, “on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party, . . . affording [it] the benefit of every favorable inference which can be drawn from the evidence.” (Haseley v Abels, 84 AD3d 480, 482 [1st Dept 2011] [citation omitted].)
“If the plaintiff demonstrates a lack of factual issues, the burden shifts to the defendant to adduce additional evidence or affirmative defenses that raise issues of fact. If the defendant succeeds in showing the persistence of disputed factual issues, summary judgment is inappropriate and the case proceeds to trial.” (Allied Irish Banks, PLC, 36 Misc 3d at 222, citing Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 155 [1975].)
Notably, the record shows, and defendant does not dispute, that defendant made none of the payments required by the certificate. (Plaintiffs aff in support ¶ 13.) Nevertheless, defendant makes three arguments why summary judgment should not be granted. First, “[p]laintiff has not adequately proved the amount of the judgment it demands.” (Defendant’s affirmation opp ¶ 4.) Second, there are triable issues of fact as to whether plaintiffs claim is barred by the doctrine of equitable estoppel. (Defendant’s affirmation opp ¶ 7.) Third, plaintiff’s notice of default and demand for payment failed to provide adequate notice under the terms of the certificate, such that “plaintiff is not entitled to recover a judgment . . . against defendant.” (Defendant’s affirmation opp ¶¶ 8-9.)
*257 A. Whether There axe Triable Issues of Fact as to the Amount Owed by Defendant
The certificate sets forth the principal amount owed by defendant, $3,675,000, as well as the method by which interest accrues on that principal amount. (Plaintiff’s exhibit D at 1; plaintiffs aff in support ¶ 2.) Specifically, the certificate provides that interest on the principal amount accrues at a rate of “15% per annum, payable in arrears on the 20th day [of] each calendar month, commencing on January 20, 2008,” until the principal amount is repaid in full. (Plaintiffs exhibit D at 1; plaintiffs aff in support ¶ 8.) The certificate further provides that in the event any required interest is not paid when due, interest accrues on that unpaid interest at the rate at which interest accrues on the unpaid principal amount. (Plaintiffs exhibit D at 1; plaintiffs aff in support ¶ 8.)
Pursuant to section 2.01 of the certificate, an “Event of Default” includes the borrower’s failure to pay principal or interest as required by the certificate “when the same becomes due and payable.” (Plaintiffs exhibit D at 4; plaintiffs aff in support ¶ 9.) The certificate further provides for the creation of a period beginning upon the occurrence of an event of default and ending on the earlier of the date that the event of default ceases to exist or the date when the principal amount is paid full. (Plaintiffs exhibit D at 1; plaintiffs aff in support ¶ 10.) That period is divided into successive periods of 180 days each. (Plaintiffs exhibit D at 1; plaintiffs aff in support ¶ 10.) The 15% interest rate applies to the payment of interest on unpaid principal during the first such 180-day period. (Plaintiffs exhibit D at 1; plaintiffs aff in support ¶ 10.) That interest rate increases by five percent per annum during each subsequent period, although the maximum interest rate in any such period shall not exceed 28% per annum. (Plaintiff’s exhibit D at 1; plaintiffs aff in support ¶ 10.)
Defendant argues that “[p]laintiff has not adequately proved the amount of the judgment it demands.” (Defendant’s affirmation opp ¶ 4.) Specifically, defendant contends that plaintiffs “complicated narrative” regarding the transactions leading to the execution of the certificate and the interest allegedly accrued thereunder is unsupported by the record in that plaintiff failed to make “the slightest showing of how that amount was arrived at or that plaintiff is entitled to it.” (Defendant’s affirmation opp ¶¶ 5-6.) In support of that contention, defendant cites Collins Fin. Servs. v Vigilante (30 Misc 3d 908 [Civ Ct, *258 Richmond County 2011]) for the proposition that “[m]erely pleading an amount due and owing without reference to how that number was calculated is a failure of proof that the alleged damages qualify as a ‘sum certain.’ ” (Collins Fin. Servs., 30 Misc 3d at 914.)
Collins does not support the denial of plaintiffs motion in this case. The debt at issue in this case is not a consumer credit agreement, such as the one described in Collins. (30 Misc 3d at 909.) Also, plaintiff has done more than “[mjerely plead[ ] an amount due and owing without reference to how that number was calculated!,] [which] is a failure of proof that the alleged damages qualify as a ‘sum certain.’ ” (Collins Fin. Servs., 30 Misc 3d at 914.) Rather, plaintiff has submitted with its moving papers a copy of the certificate which sets forth the method by which interest accruals under the certificate are calculated.
Plaintiff has separately explained in its papers, including in a sworn affidavit by one of plaintiffs directors, the method used to calculate the amount owed under the certificate. Plaintiff also submitted “a chart showing the accrual of interest and the increases in the rate of interest since the inception of the NH Street-Equator Certificate,” which confirms $14,021,192.20 as the total amount of accrued interest plus principal through March 20, 2013. (Plaintiff’s reply affirmation ¶ 6; plaintiffs reply exhibit B.) Thus, plaintiff has, in fact, satisfied the higher pleading standard called for in Collins by submitting sufficient documentation “to support the allegations in the affidavit of facts [and] to verify how the amount due and owing is calculated.” (Collins Fin. Servs., 30 Misc 3d at 913.)
Here, the record shows, and the parties do not dispute, that defendant defaulted under the certificate by not making the interest payment due on January 20, 2008, and that such default has not been cured, nor has the outstanding principal been repaid.
In addition, the record shows, as set forth above, the method by which interest accruals are calculated, including upon the occurrence of an event of default. The certificate and plaintiffs moving papers set forth that method of accrual “in sufficient detail... so that either the clerk or the court may determine if the amount claimed owed is properly calculated.” (Collins Fin. Servs., 30 Misc 3d at 914; see GMAC Commercial Fin. LLC v Ahn, 31 Misc 3d 1243[A], 2011 NY Slip Op 51094[U], *6 [Sup Ct, NY County 2011] [directing the Clerk to enter a judgment “in the amount of $7,000,000.00 together with interest at the *259 contract rate, as provided in the Loan Agreement, from the date of the decision on this motion, and thereafter, as calculated by the Clerk”].)
Just as the “reference to an external rate for the calculation of interest does not, itself, alter the purely monetary nature of the obligation set forth in the Notes, and therefore . . . does not render relief under CPLR 3213 improper” (GE Capital Commercial, Inc. v Kazi Foods of N.Y., Inc., 30 Misc 3d 1230[A], 2011 NY Slip Op 50298DJ], *4 [Sup Ct, NY County 2011]), where, as here, the method for calculating interest is set forth in the certificate and plaintiffs moving papers, the assertion that the method is “complicated” (defendant’s affirmation opp ¶ 5) does not render relief under CPLR 3213 improper. (See Allied Irish Banks, PLC, 36 Misc 3d at 220 [finding that “an instrument is not rendered ineligible for CPLR 3213 treatment merely because it does not cite a sum certain on its face” or because “resort to some outside documents may be necessary” (citations omitted)].)
Based on the entire record, and drawing all reasonable inferences in favor of defendant, the court finds that plaintiff has established a lack of triable issues of fact with respect to the amount owed by defendant. Defendant, in turn, has failed to adduce additional evidence or affirmative defenses that raise triable issues of fact with respect to the amount owed by defendant.
B. Whether There are Triable Issues of Fact as to the Defense of Equitable Estoppel
The record shows that following the missed payment on January 20, 2008, plaintiff took no action with respect to the certificate until March 2013, when plaintiffs counsel provided defendant with a notice of default and demand.
Defendant argues that there is a triable issue of fact as to whether the defense of equitable estoppel applies. Specifically, defendant asserts that plaintiff took no action with respect to defendant’s default for more than five years. Citing First Department law, defendant contends that plaintiff’s inaction creates “a triable issue of fact . . . whether plaintiffs claims are barred by the doctrine of equitable estoppel.” (Cadlerock, L.L.C. v Renner, 72 AD3d 454, 454 [1st Dept 2010] [citations omitted].)
In response, plaintiff asserts that pursuant to section 3.04 of the certificate, defendant waived any defense resulting from *260 delay or inaction by plaintiff, including equitable estoppel. That section provides in pertinent part that “[n]o failure on the part of the Lender to exercise, and no delay in exercising, any right hereunder will operate as a waiver thereof; nor will any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.” (Plaintiffs exhibit D at 5.)
Plaintiff also contends that Cadlerock is inapposite to the case at bar. In that case, the borrower made several payments to the lender, and then claimed that he had relied upon the lender’s inaction, assuming that the payments were sufficient to satisfy the obligation. (Cadlerock, L.L.C., 72 AD3d at 454.) Here, because defendant has made no payments with respect to the certificate, plaintiff contends that there can be no such reliance.
The Court of Appeals has explained that estoppel “ ‘is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought.’ ” (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 106 [2006] [citations omitted].) For the defense of estoppel to apply, the party against whom enforcement is sought must have, “ ‘in justifiable reliance upon the opposing party’s words or conduct, . . . been misled into acting upon the belief that such enforcement would not be sought.’ ” (Fundamental Portfolio Advisors, Inc., 7 NY3d at 106 [citations omitted].)
The record shows that following the missed payment on January 20, 2008, plaintiff took no action with respect to the certificate until March 2013, when plaintiffs counsel provided defendant with a notice of default and demand. However, the record is devoid of evidence that defendant was misled by, or justifiably relied on, plaintiffs inaction. “[I]n the absence of evidence that a party was misled by another’s conduct or that the party significantly and justifiably relied on that conduct to its disadvantage, ‘an essential element of estoppel [i]s lacking.’ ” (Fundamental Portfolio Advisors, Inc., 7 NY3d at 106-107 [alteration in original and citations omitted].)
In addition, “no-waiver” clauses, such as the one contained in section 3.04 of the certificate, have been routinely upheld as being enforceable, including by the First Department. (See e.g. Katz v 215 W. 91st St. Corp., 215 AD2d 265, 267 [1st Dept 1995]; Luna Park Hous. Corp. v Besser, 38 AD2d 713, 714 [2d Dept 1972]; American Movie Classics Co. v Time Warner Entertain- *261 merit, L.P., 10 Misc 3d 1062[A], 2005 NY Slip Op 52081[U], *15 [Sup Ct, NY County 2005].) Section 3.04 provides that neither plaintiffs failure to exercise its rights under the certificate, nor plaintiffs delay in doing so, would operate as a waiver of such rights. Defendant has offered no argument or evidence why this “no-waiver” clause should not be enforced.
Based on the entire record, and drawing all reasonable inferences in favor of defendant, the court finds that plaintiff has established a lack of triable issues of fact with respect to the defense of equitable estoppel. Defendant, in turn, has failed to adduce additional evidence or affirmative defenses that raise triable issues of fact with respect to that defense.
C. Whether There are Triable Issues of Fact as to the Sufficiency of the Notice of Default
Defendant argues that the demand letter was “insufficient to support the instant motion.” (Defendant’s affirmation opp ¶ 8.) Specifically, defendant argues that the demand letter is a “hearsay document,” that plaintiffs attorneys lacked personal knowledge regarding defendant’s alleged default, and that plaintiffs attorneys had no authority to declare defendant in default. (Defendant’s affirmation opp ¶ 8.) Citing Siegel v Kentucky Fried Chicken of Long Is. (67 NY2d 792 [1986]), defendant also argues that the certificate provides that notice of default must be issued by plaintiff, not plaintiff’s attorneys, and, accordingly, the demand letter should be deemed ineffective. “Without having first given an effective notice,” defendant argues, plaintiff is not entitled to summary judgment. (Defendant’s affirmation opp ¶ 9.)
Plaintiff responds that the notice afforded by the demand letter was sufficient, arguing that the certificate does not require that notice of default be given only by plaintiff. Plaintiff further argues that Siegel is inapposite because the agreement in that case specified that notice of default be given by a particular party.
In Siegel, the Court of Appeals held that several notices of default were “insufficient and the tenant was entitled to ignore them as not in compliance with the lease provisions concerning notice” because those notices were given by the landlord’s attorney, not by the landlord or the attorney named in the lease. (67 NY2d at 793-794 [citation omitted].) The default provision of the lease in that case provided that “ ‘the Landlord serv[e] a written five (5) days’ notice upon Tenant’ to be followed by ‘Landlord [serving] a written three (3) days’ notice of cancella *262 tion.’ ” (Siegel, 67 NY2d at 793.) In addition, that lease “defined the term ‘Landlord’ to mean ‘only the owner, or mortgagee in possession, for the time being.’ ” (Siegel, 67 NY2d at 793.)
Courts interpreting Siegel have held that “where a lease requires a notice of default to be sent by the ‘landlord,’ any notice sent by the landlord’s agent is ineffective unless accompanied by proof of the agent’s authority to bind the landlord.” (Manufacturers & Traders Trust Co. v Korngold, 162 Misc 2d 669, 670 [Sup Ct, Rockland County 1994], citing Siegel.) That is, the notice of default is ineffective “[u]nless and until plaintiff can demonstrate that (a) [the party sending the notice] was its agent; and (b) that defendants . . . had reason to know that [that party] had authority to act on [plaintiff’s] behalf.” (Manufacturers & Traders Trust Co., 162 Misc 2d at 671.) Notably, “the [Siegel] rule has been applied to cases even in the absence of a landlord-tenant relationship.” (Arcadia Mgt., Inc. v Schillan, 25 Misc 3d 498, 501 [Nassau Dist Ct 2009].)
The language of section 2.02 of the certificate, which addresses giving notice of default, is distinguishable from the language of the notice provision in Siegel in that section 2.02 does not require notice to be given by a specific person or entity. Rather, section 2.02 provides that
“[u]pon the occurrence and during the continuance of any Event of Default, the Registered Holder may, upon notice to the Borrower, declare this Certificate, and all interest thereon to be forthwith due and payable, without presentment, demand, protest or further notice of any kind, all of which are hereby expressly waived by the Borrower.” (Plaintiffs exhibit D at 5.)
The parenthetical phrase, “upon notice to the Borrower,” even read in conjunction with the rest of section 2.02, does not require that the registered holder or any other specific person or entity give the notice. In fact, that any notice is given is sufficient to allow the registered holder to “declare this Certificate, and all interest thereon to be forthwith due and payable.” (Plaintiffs exhibit D at 5.) That phrase is also distinguishable from the language in Siegel, which required that “ ‘the Landlord serv[e] a written five (5) days’ notice upon Tenant’ to be followed by ‘Landlord [serving] a written three (3) days’ notice of cancellation.’ ” (67 NY2d at 793.)
Another court found that Siegel did apply where the language of the agreement provided for termination “ ‘[u]pon 30 days *263 written notice from the Operator to you, your representative, your next of kin, the person designated in this agreement and any person designated by you.’ ” (Arcadia Mgt., Inc., 25 Misc 3d at 502 [emphasis omitted] [finding that “the termination notice must be served by a specifically designated person”].) There, notice was required to be given by “the Operator.” (Arcadia Mgt., Inc., 25 Misc 3d at 502.) Where, as here, no specific person or entity is required to give the notice of default, Siegel does not apply. (See Yui Woon Kwong v Sun Po Eng, 183 AD2d 558, 560 [1st Dept 1992] [finding that where there is no “requir(ement) that the demand be signed by the landlord, as in SiegelQ . . . (the) notice in the case at bar was not rendered legally insufficient because it was signed by the landlords’ attorney and not by the landlords”].)
The court has considered defendant’s remaining arguments—that the demand letter is a hearsay document, that plaintiff’s attorneys lacked personal knowledge regarding defendant’s alleged default, and that plaintiffs attorneys had no authority to declare defendant in default—and finds them unpersuasive. The demand letter is not hearsay in this context because it is not an “out-of-court statement[ ] . . . [offered] for the truth of the matter asserted.” (People v Kimes, 37 AD3d 1, 18 [1st Dept 2006], citing People v Huertas, 75 NY2d 487, 491-492 [1990].) In addition, defendant has not “adduce[d] additional evidence” which raises a triable issue of fact as to whether plaintiffs attorneys lacked personal knowledge of defendant’s default or lacked authority to declare defendant in default.[2]
*264 Based on the entire record, and drawing all reasonable inferences in favor of defendant, the court finds that plaintiff has established a lack of triable issues of fact with respect to the sufficiency of the notice of default. Defendant, in turn, has failed to adduce additional evidence or affirmative defenses that raise triable issues of fact with respect to that notice’s sufficiency.
Conclusion
Accordingly, it is hereby ordered that Equator International, Inc.’s motion for summary judgment in lieu of complaint is granted, and the Clerk is directed to enter judgment in favor of plaintiff and against defendant NH Street Investors, Inc., in the amount of $3,675,000, together with interest at the rate set forth in the underlying registered financing certificate, from the date of January 11, 2008, until the date of this decision and order, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further ordered that pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.48, plaintiff shall settle a proposed judgment in conformity with this decision and order.

. [1] The certificate provides, among other things, that “[t]his Certificate will be governed by, and construed in accordance with, the laws of the State of New York, United States.” (Plaintiffs exhibit D at 6.) The First Department has observed that “[i]t is the well-settled ‘policy of the courts of this State to enforce contractual provisions for choice of law and selection of a forum for litigation.’ ” (Boss v American Express Fin. Advisors, Inc., 15 AD3d 306, 307 *255 [1st Dept 2005] [citations omitted].) Such a clause “is prima facie valid” and may only be invalidated if a party shows “that its enforcement ‘would be unreasonable, unjust, or would contravene public policy, or that the clause is invalid because of fraud or overreaching.’ ” (Boss, 15 AD3d at 307-308 [emphasis added and citations omitted].) Based on the foregoing, and in the absence of opposition, this court shall decide the instant motion by applying New York law.

. Although not raised by the parties, the court also considered the fact that there is a typographical error in the demand letter, which states that “[a]s a result of said defaults, Lender hereby declares the entire principal balance in the sum of $1,575,000, together with all accrued and unpaid interest thereon, to be immediately due and payable.” (Plaintiffs exhibit D at 5.) As noted above, the correct principal amount is $3,675,000. Nevertheless, the court finds that “[t]he typo does not bar the otherwise contractually-conforming termination notice from taking effect.” (MyPlayCity, Inc. v Conduit Ltd., 2012 WL 1107648, *11, 2012 US Dist LEXIS 47313, *34 [SD NY, Mar. 30, 2012, No. 10 Civ 1615 (CM)] [noting that “the law is not so rigid as to require perfection from its practitioners”], citing Contemporary Mission, Inc. v Famous Music Corp., 557 F2d 918, 925 [2d Cir 1977].)
Here, as discussed above, the demand letter satisfies the notice requirement set forth in section 2.02 of the certificate. In addition, the demand letter recites the correct principal amount of $3,675,000 three times before stating the incorrect amount of $1,575,000. Moreover, the demand letter correctly *264 identifies the certificate and the date on which it was executed. For all of these reasons, the court finds that the typographical error in the demand letter does not create a triable issue of fact as to the sufficiency of the notice of default.