Medlock Crossing Shopping Ctr. Duluth, Ga. L.P. v Warren (2019 NY Slip Op 06264)





Medlock Crossing Shopping Ctr. Duluth, Ga. L.P. v Warren


2019 NY Slip Op 06264


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


495 CA 18-01744

[*1]MEDLOCK CROSSING SHOPPING CENTER DULUTH, GA. LIMITED PARTNERSHIP, PLAINTIFF-RESPONDENT,
v
STEVEN ALAN WARREN, ADRIENNE M. WARREN, FRED BULLARD AND DURANGO'S OF ATLANTA, INC. , DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






THE GLENNON LAW FIRM, P.C., ROCHESTER (FRANK J. FIELDS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BOND, SCHOENECK & KING, PLLC, ROCHESTER (BRIAN LAUDADIO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and partial judgment (one paper) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 9, 2018. The order and partial judgment, inter alia, granted in part the motion of plaintiff for summary judgment and denied the cross motion of defendants for leave to amend their answers. 
It is hereby ORDERED that the order and partial judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff owns a shopping center in a suburb of Atlanta, Georgia. In 2015, plaintiff leased space in the shopping center to nonparty restaurant Atlanta Fire Grill LLC (Fire Grill). Defendants executed guaranties of Fire Grill's obligations under the lease. In May 2016, Fire Grill ceased operations and thereafter stopped paying rent. Plaintiff leased the premises to another tenant in October 2016. Plaintiff commenced this action alleging, inter alia, that defendants breached their obligations under the guaranties. Shortly thereafter, Fire Grill sued plaintiff in a Georgia court, alleging that plaintiff had breached the lease. The Georgia action progressed quickly, and a jury there ultimately awarded plaintiff approximately $220,000 on its counterclaim, denying any recovery to Fire Grill. Plaintiff subsequently moved for summary judgment in this action, seeking, inter alia, payment on the guaranties. Defendants opposed the motion and cross-moved for leave to amend their answers to assert collateral estoppel as an affirmative defense, arguing that plaintiff was precluded from recovering more on the guaranties than had been awarded in the Georgia action and that plaintiff had failed to prove its entitlement to certain damages. Supreme Court thereafter entered an order and partial judgment, which, inter alia, denied defendants' cross motion for leave to amend their answers, granted plaintiff partial summary judgment on the issue of liability, and awarded plaintiff certain damages, attorneys' fees, and expenses under the guaranties, and the court subsequently entered an order and partial final judgment, which awarded plaintiff certain additional damages, attorneys' fees, and expenses under the guaranties. In appeal No. 1, defendants appeal from the order and partial judgment and, in appeal No. 2, defendants appeal from the order and partial final judgment. We affirm in each appeal.
Contrary to defendants' contention in appeal No. 1, we conclude that they did not meet their burden of establishing that the Georgia action precludes plaintiff from recovering under the guaranties in this action. "[C]ollateral estoppel[] bars the relitigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018] [internal quotation marks omitted]). For collateral estoppel to apply, the issue in the prior action must [*2]have been, inter alia, identical to that in the subsequent action and decided after a full and fair opportunity to litigate (see Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015], rearg denied 25 NY3d 1193 [2015]). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704 [2015]). Here, defendants failed to provide the transcript of the trial in the Georgia action, failed to demonstrate whether the jury award in the Georgia action fixed and liquidated the amount due under the lease, and failed to establish whether Fire Grill's liability under the lease was coextensive with defendants' liability under the guaranties. Thus, we conclude that defendants failed to establish an identity of issues between the Georgia action and this action (see id.; Weslowski v Zugibe, 167 AD3d 972, 975 [2d Dept 2018], appeal dismissed 33 NY3d 1000 [2019]; Specialty Rests. Corp. v Barry, 236 AD2d 754, 755-756 [3d Dept 1997]).
In light of our determination, we conclude that, contrary to defendants' further contention in appeal No. 1, the court did not err in denying their request for leave to amend their answers to assert the affirmative defense of collateral estoppel. Inasmuch as the court considered and rejected that affirmative defense on the merits, it would not have furthered justice to have allowed defendants to amend their answers to assert it (see Kingsland Group, Inc. v J.B. Satcin Realty Corp., 16 AD3d 380, 382 [2d Dept 2005]; Andersen v University of Rochester, 91 AD2d 851, 851-852 [4th Dept 1982], appeal dismissed 59 NY2d 968 [1983]).
Furthermore, we reject defendants' contention in both appeals that the court erred in awarding plaintiff certain damages for brokers' commissions, rent, and other costs related to the premises, and in awarding plaintiff certain attorneys' fees and expenses. Plaintiff met its burden on its motion with respect to those damages, attorneys' fees, and expenses through its submission of the affidavits of its attorneys and collections manager establishing the amounts paid for those items (see generally BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1158 [3d Dept 2017]; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826 [2d Dept 2017]), and defendants failed to raise a triable issue of material fact with respect to plaintiff's entitlement to those items.
Finally, we have reviewed defendants' remaining contentions in both appeals and conclude that they do not require reversal or modification of the order and partial judgment or the order and partial final judgment.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court