| |
|---|
| **BG Atlantic, Inc. v Hay Hill Inv. Ltd.** |
| 2024 NY Slip Op 32438(U) |
| July 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650063/2024 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------X

BG ATLANTIC, INC.

|  |  |
|---|---|
| **INDEX NO.** | 650063/2024 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 03/27/2024 |

- v -

HAY HILL INVESTMENTS LTD.,

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 001 |

Defendant.

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------------X

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for      JUDGMENT - SUMMARY IN LIEU OF COMPLAINT

Upon the foregoing documents, plaintiff's motion is granted.

In this action stemming from a breach of a loan agreement dated November 6, 2018, the lender, plaintiff BG Atlantic, Inc., seeks to recover £866,720.27 in British Pound Sterling (or $1,128,142.84) inclusive of interest due and owning[1] from defendant Hay Hill Investments Ltd.[2] Plaintiff now moves, pursuant to CPLR 3213, for summary judgment in lieu of complaint in light of defendant's alleged default under the promissory note. Defendant opposes the motion on the grounds that this court lack personal jurisdiction over defendant and that plaintiff is enjoined from commencing an action involving assets belonging to non-party Larisa Markus. For the following reasons, plaintiff's motion is granted.

### Background

There is no dispute that the parties executed a loan agreement on November 6, 2018,[3] (the Note) whereby plaintiff extended a loan for the principal amount of £600,000 GBP to defendant. Plaintiff alleges that defendant has failed to pay any of

---

[1] Plaintiff calculated this conversion based on the USD-GBP exchange rate listed by the United States Treasury on the date of the motion.

[2] Defendant Hay Hill Investments Ltd was formerly named Yevgeny UL LLC.

[3] The loan provided Defendant borrower a loan in the amount of £1,900,000 (NYSCEF #4 – Promissory Note § 1). Although plaintiff alleges a loan of only £600,000 in both the notice of default and the moving papers, defendant does not dispute the amount owed (NYSCEF #5 – Notice of Default at 2) (Bykov Aff. ¶ 4). The loan called for repayment of the principal along with accrued interest at a rate of 10% per annum by November 6, 2020 (Bykov Aff. ¶ 5).

**650063/2024  BG ATLANTIC, INC. vs. HAY HILL INVESTMENTS LTD.**        **Page 1 of 5**
**Motion No.  001**

[* 1]

the principal or accrued interest as of the promissory note's maturity date, November 6, 2020, and thus there remains an outstanding balance of £886,720.27 or $1,128,142.84, inclusive of interest (NYSCEF # 6 – Pltf's MOL at 4; NYSCEF # 3, Bykov Aff. ¶ 6). Defendant does not dispute the amounts nor does he deny defaulting on the note (Bykov Aff ¶ 8). Upon this default, and in accordance with the Note, plaintiff served defendant with a notice of default dated November 22, 2023, with a date of December 14, 2023, by which to cure the default (*id.* ¶ 10). Defendant failed to do so (*id.* ¶ 11). Plaintiff now seeks summary judgment in lieu of complaint pursuant to CPLR 3213 for the unpaid balance of £886,720.27 or $1,128,142.84 due to Defendant's default.

Relevant to this motion, section 13 of the loan agreement provides that "[a]ny disputes arising from the interpretation and/or execution of the Agreement shall be settled through negotiations by both Parties" (Promissory Note § 13.1). If there is no resolution in fifteen days, the "dispute shall be referred to and finally resolved by a court of competent jurisdiction in New York" (*id.*). Defendant claims that personal jurisdiction is lacking because Section 13 of the loan agreement only applies to "disputes arising from the interpretation and/or execution of the Agreement" and not an "alleged default in repaying the loan" (Deft's MOL in Opp at 6).

Should this court find jurisdiction, defendant asserts that non-party Larissa Markus' bankruptcy enjoins plaintiff from pursuing this action. Non-party Larisa Markus is a Russian citizen who served as president of Vneshprombank, Ltd., a major Russian bank, for 21 years (Deft's MOL in Opp at 2). The bank was eventually declared insolvent, and Markus sustained civil and criminal liability as a result, being sentenced to eight and a half years imprisonment in a Russian court for embezzlement in May 2017 (*id.*). Later, BG Atlantic (plaintiff in this action) purportedly sued Markus in this court on November 9, 2016, seeking payment of approximately $5 million pursuant to an oral agreement between Markus and her debtors assigned to BG Atlantic (*id.* at 3-4). The dispute was settled and required that Markus to pay BG Atlantic $4.7 million (*id.* at 4). BG Atlantic claimed that payment was not made, and subsequently obtained a judgment against Markus for that amount, which was apparently satisfied (*id.*).

In January 2019, a Chapter 15 Bankruptcy petition was filed on behalf of Markus in the Bankruptcy Court for the Southern District of New York (*id.* at 2). In February 2021, a settlement agreement was reached in the bankruptcy action, specifically limited to specified Markus assets (*id.* at 4). All other assets in which Markus has an interest allegedly remain subject to an automatic stay pursuant to § 362(a) of the Bankruptcy Code (*id.* at 5).

### Legal Standard

A party may seek summary judgment in lieu of complaint pursuant to CPLR 3213 to recover an amount based on an "instrument for the payment of money only"

650063/2024  BG ATLANTIC, INC. vs. HAY HILL INVESTMENTS LTD.
Motion No.  001

Page 2 of 5

2 of 5

(*Weissman v Sinorm Deli*, 88 NY2d 437, 443-444 [1996]). In particular, a party is entitled to relief if "a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms" (*id.*) (citations omitted). A party must separately satisfy the standard for summary judgment, namely demonstrating a lack of a triable issue of fact and demonstrating the moving party's entitlement to judgment as a matter of law, under CPLR 3213 (*see Equator Int'l, Inc. . NH St. Invs., Inc.*, 43 Misc 3d 251, 256 [Sup Ct, NY County 2014]). It is not relevant if the instrument in question is part of a larger transaction or issue as long as the instrument in question requires the party to make payments and nothing else (*Torres & Leonard, P. C. v Select Professional Realties, Ltd.*, 118 AD2d 467, 468 [1st Dept 1986]).

## Discussion

Plaintiff has made a prima facie showing of entitlement to payment from a promissory note. Defendant does not contest the validity of the note or its obligations under the note. Defendant only argues that (1) the forum selection clause in the loan agreement does not bestow this court with personal jurisdiction over defendant, and (2) the Markus bankruptcy bars defendant from enforcing Defendant's obligations under the note.

As a threshold matter, this court has personal jurisdiction over defendant as a result of Section 13 of the loan agreement, which states in part that "any dispute" between the parties "shall be referred to and finally resolved by a court of competent jurisdiction in New York" (Loan Agreement § 13). Forum selection clauses are prima facie valid and should be enforced absent fraud, overreach, unfairness, or a clear demonstration that the forum would be inconvenient for the defendant (*Sterling Natl. Bank v Eastern Shipping Worldwide, Inc.*, 35 AD3d 222, 222 [1st Dept 2006]). Here, defendant has not demonstrated that the forum selection clause is fraudulent, overreaching, or unfair, and has not made any showing as to why this forum would be inconvenient.

To avoid this conclusion, defendant argues that the language of the forum selection clause does not extend to disputes over a loan default because a default under the loan does not "aris[e] from the interpretation and/or execution of the agreement" (NYSCEF # 24, Deft's MOL at 6). This argument is unavailing because defendant's interpretation of the forum selection clause would render the forum selection clause meaningless. It is unclear what disputes, if any, would emerge from the "interpretation or execution" of the loan agreement besides disputes over payment or repayment. Indeed, the sole purpose of the loan agreement is to facilitate the giving out and repayment of a loan. Defendant's proffered interpretation of the loan agreement would constitute a "woodenly technical phrasing" that distorts the parties' shared intent, which courts should not embrace (*Mailer v RKO Teleradio Pictures, Inc.*, 332 F2d 747, 749 [2d Cir 1964]). As courts are discouraged from adopting interpretations of forum selection clauses that

**650063/2024  BG ATLANTIC, INC. vs. HAY HILL INVESTMENTS LTD.**
**Motion No.  001**

**Page 3 of 5**

[* 3]

render them meaningless (*Micro Balanced Prods. Corp. v Hlavin Indus.*, 238 AD2d 284, 285 [1st Dept 1997] [citing *Bense v Interstate Battery Sys.*, 683 F2d 718, 722 [2d Cir 1982]]; *see Maxine Co., Inc. v Brinks's Global Servs. USA, Inc.*, 94 AD3d 53, 56 [1st Dept 2012] [declining to adopt an interpretation of a contract that would render a list of specified items in the contract meaningless]), this court declines to do so here.

Turning to the merits of the motion, plaintiff has made a prima facie showing of entitlement to summary judgment under CPLR 3213 through submission of the promissory note dated November 6, 2018 (NYSCEF #4 – Loan Agreement). The promissory note is an instrument for the payment of money only and calls for unconditional repayment of the loan amount with interest, as is being sought here. The amount requested in the note is a definite sum (the £600,000 loan plus total interest accrued at a 10% per annum rate) due at a definite time (November 6, 2020) (Loan Agreement at 2-3). Plaintiff has also submitted evidence of defendant's failure to repay any part of the principal or interest of the loan in the form of the default notice (NYSCEF #5 – Notice of Default). Tellingly, defendant does not contest its obligations under the loan agreement or its failure to repay any part of the principal or interest on the loan. Uncontested material facts in a summary judgment motion may be deemed to be admitted (*see Madeline D'Anthony Enters., Inc. v Sokolowsky*, 101 AD3d 606, 609 [1st Dept 2012]). Accordingly, plaintiff has met its burden to make a prima facie showing of entitlement to summary judgment under CPLR 3213 and has shifted the burden to defendant to demonstrate the presence of a triable issue of fact.

In an attempt to avoid judgment against it, defendant invokes the bankruptcy proceedings of Larisa Markus as constituting a sufficient question of fact to deny Plaintiff entitlement to summary judgment under CPLR 3213. Such invocation is unavailing for two reasons. First, entitlement to judgment under CPLR 3213 does not depend on extraneous proceedings or larger transactions; judgment under CPLR 3213 is proper as long as there is an instrument which specifies the defendant's obligations to make certain payments and nothing else (*see Torres & Leonard, P. C. v Select Professional Realties, Ltd.*, 118 AD2d 467, 468 [1st Dept 1986] [debt instrument executed as part of a larger settlement agreement qualifies as an "instrument for the payment of money only" under CPLR 3213]). Second, it is well established that automatic bankruptcy stays under 11 USC § 362 only apply to debtors in a bankruptcy action (in this case, Larisa Markus), not unrelated third parties such as defendant here (*McCartney v Integra Nat'l Bank North*, 106 F3d 506, 509-10 [3d Cir 1997]; *Bank of N.Y. Mellon v DeMatteis*, 222 AD3d 1, 15 [2d Dept 2023]). Bankruptcy stays apply to third parties only in narrow cases where the third-party defendant is essentially identical to the bankruptcy debtor (*McCartney*, 106 F3d at 509). It is clear that defendant is not a party to the Markus bankruptcy, and defendant does not argue that any relationship between defendant and Larisa Markus exists (nor can the court discern any such relationship). Accordingly, defendant has not demonstrated how the Bankruptcy

**650063/2024 BG ATLANTIC, INC. vs. HAY HILL INVESTMENTS LTD.** **Page 4 of 5**
**Motion No. 001**

4 of 5

[* 4]

stay cited applies to either party in this suit. As a result, defendant's invocation of the Markus bankruptcy has failed to meet its burden of creating a triable issue of fact necessary to avoid summary judgment under CPLR 3213.

## Conclusion

Based on the foregoing, it is

ORDERED that plaintiff BG Atlantic, Inc's motion for summary judgment in lieu of complaint is granted; and it is further

ORDERED that plaintiff BG Atlantic, Inc is awarded a judgment in the amount of $1,128,142.84 plus interest; and it is further

ORDERED that the Clerk of the Court enter judgment in favor of plaintiff BG Atlantic, Inc.; and it is further

ORDERED that plaintiff shall serve a copy of this Decision and Order with notice of entry upon defendant with 20 days.

This constitutes the Decision and Order of this court.

| 7/12/2024 | | | |
|---|---|---|---|
| **DATE** | | **MARGARET A. CHAN, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650063/2024   BG ATLANTIC, INC. vs. HAY HILL INVESTMENTS LTD.
Motion No. 001

Page 5 of 5

5 of 5